DECISION AND JUDGMENT ENTRY
This is a consolidated appeal from a judgment of the Bryan Municipal Court, following a plea of no contest, which found appellant, Jacob E. Collins, guilty of one count of possession of marijuana in violation of R.C. 2925.11(A) and (C)(3), one count of possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), and one count of driving a motor vehicle while under the influence of alcohol, in violation of R.C.4511.19(A)(1). Prior to his convictions and sentencing, the trial court denied appellant's motion to suppress. Pursuant to 6th Dist.Loc.App.R. 12(C), we hereby assign this case to our accelerated calendar.
On appeal, appellant sets forth the following assignment of error:
 "IF THE CIRCUMSTANCES OF A TRAFFIC STOP VIEWED OBJECTIVELY DO NOT SUPPORT A FINDING THAT THERE WERE SPECIFIC AND ARTICULABLE FACTS THAT A TRAFFIC VIOLATION HAD BEEN COMMITTED, THE INVESTIGATIVE STOP IS VIOLATIVE OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 14 OF THE CONSTITUTION OF THE STATE OF OHIO."
The undisputed facts that are relevant to the issues raised on appeal are as follows. On July 28, 2000, at approximately 11:50 p.m., appellant, Jacob E. Collins, was driving his Oldsmobile Cutlass southbound on County Road 20 in Williams County, Ohio. Ohio State Trooper Raul Cuellar's patrol car was stopped at the intersection of County Road 20 and County Road C, which is a four-way stop with no automated traffic signal. Cuellar's patrol car was located in the eastbound lane of County Road C.
Cuellar observed as appellant's vehicle approached the intersection and came to a complete stop. Appellant then executed a right turn onto the westbound lane of County Road C. However, appellant did not activate his right turn signal until he had completed half of the turn onto County Road C. After appellant fully completed the turn, Cuellar turned his patrol car around and followed appellant's vehicle for a short distance before stopping it approximately three quarters mile from the intersection. Cuellar observed no irregular behavior on the part of appellant other than his failure to properly signal the turn at the intersection.
As a result of Cuellar's investigation after he stopped appellant's vehicle, appellant was issued a citation for driving a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1). In addition, appellant was charged with one count of possession of marijuana in violation of R.C. 2925.11(A) and (C)(3) and one count of possession of drug paraphernalia in violation of R.C. 2925.14(C)(1). Appellant filed a motion to suppress the evidence seized as a result of the stop. A suppression hearing was held on November 8, 2000, and the trial court denied appellant's motion to suppress on December 5, 2000. Appellant subsequently entered a plea of no contest and was found guilty of all three charges. His sentence was stayed pending appeal and, on January 16, 2001, a timely notice of appeal was filed.
On appeal, appellant asserts that the trial court erred by denying his motion to suppress. In support thereof, appellant argues that the stopping of his vehicle under the facts of this case was unreasonable and, therefore, constituted a violation of his right to privacy under both the Fourth Amendment to the United States Constitution and ArticleI, Section 14 of the Ohio Constitution. Specifically, appellant argues that his failure to properly signal a right hand turn was not enough, in itself, to justify the stopping of his vehicle.
Generally, absent an error of law, a reviewing court will not disturb the ruling of the trial court on a motion to suppress so long as the factual findings of the trial court are clearly supported by the evidence. State v. Depew (1988), 38 Ohio St.3d 275, certiorari denied (1989), 489 U.S. 1042.
To justify an investigative traffic stop on constitutional grounds, the police officer effecting the stop "`must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" State v. Evans (1993),67 Ohio St.3d 405, 408, citing Terry v. Ohio (1968) 392 U.S. 1, 21. The Ohio Supreme Court has held that "where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution [or Section 14, Article I of the Ohio Constitution] * * *", whether or not the officer had an ulterior motive in making the stop. Dayton v. Erickson (1996), 76 Ohio St.3d 3, 11.
R.C. 4511.39 states, in relevant part:
 "No person shall turn a vehicle or trackless trolley or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided.
 "When required, a signal of intention to turn or move right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle or trackless trolley before turning. * * *"
It is undisputed that appellant did not activate his right turn signal until after he began turning from southbound County Road 20 onto westbound County Road C. It is further undisputed that appellant's failure to signal constitutes a violation of R.C. 4511.39.
Upon consideration of the foregoing, this court finds that Cuellar's stop of appellant's vehicle was constitutionally valid as a matter of law, and the trial court did not err by denying appellant's motion to suppress any evidence that resulted from the investigation following the stop. Appellant's sole assignment of error is not well-taken.
The judgment of the Bryan Municipal Court is hereby affirmed. Court costs of these proceedings are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________ Peter M. Handwork, JUDGE
Richard W. Knepper, J. and Mark L. Pietrykowski, P.J. CONCUR.